IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IVEY CROSBY,

    Petitioner,

v.                                            Civ. No. 20-372 KG-CG

FNU LNU,

    Respondent.

## ORDER OF DISMISSAL

This matter is before the Court following Petitioner's failure to prosecute his 28 U.S.C. § 2241 habeas action. On May 13, 2020, the Court entered an Order to Show Cause after a mailing to Petitioner was returned as undeliverable with the notation: "RTS: Deported." (Doc. 3). Based on the Section 2241 petition, it appeared Petitioner may have been transferred to Florida, rather than deported from the United States. In any event, the Court directed Petitioner to notify the Clerk of his new address by June 12, 2020 if he still wished to prosecute this action. *See* D.N.M. LR-Civ. 83.6 (*pro se* parties have a continuing duty to notify the Court of their current address); *Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980) ("It is incumbent on litigants, even those proceeding pro se, to follow the federal rules of procedure .... The same is true of simple, nonburdensome local rules….") (citations omitted).

The Order was also returned as undeliverable, and Petitioner failed to timely update his address. Hence, the Court will dismiss the 28 U.S.C. § 2241 petition (Doc. 1) under Fed. R. Civ. P. 41(b) for failure to prosecute and comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) ("Rule [41] … permit[s] courts to dismiss actions *sua sponte* for a plaintiff's failure to … comply with [civil rules and] court orders."). The Court will also deny Petitioner's Motion for Hearing (Doc. 2), which is now moot.

IT IS ORDERED:

1. Petitioner's 28 U.S.C. § 2241 Petition (Doc. 1) is dismissed without prejudice.

2. Petitioner's Motion for Hearing (Doc. 2) is denied as moot.

3. The Court will enter a separate judgment closing this civil case.

_____
UNITED STATES DISTRICT JUDGE